UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSHUA NELMS,<br><br>           Plaintiff,<br><br>  v.<br><br>USAA GENERAL INDEMNITY COMPANY,<br><br>           Defendant. | CASE NO. C25-464 MJP<br><br>ORDER GRANTING MOTION TO REMAND |

This matter comes before the Court on Plaintiff's Motion to Remand. (Dkt. No. 7.) Having reviewed the Motion, Defendant's Opposition (Dkt. No. 9), the Reply (Dkt. No. 11), and all supporting materials, the Court GRANTS the Motion and REMANDS this matter to King County Superior Court.

**BACKGROUND**

Joshua Nelms alleges that his insurer, USAA General Indemnity Company, wrongly denied underinsured motorist (UIM) coverage under his insurance policy from USAA. (Complaint (Dkt. No. 1-1).) He pursues claims for: (1) breach of fiduciary duty; (2) violations of

the Consumer Protection Act; (3) bad faith; (4) breach of contract; and (5) negligence. (Id. ¶¶ 5.1.1-5.5.2.) Nelms seeks "declaratory judgment to enforce coverage of the claim under the underinsured motorist coverage of the insurance policy . . . namely PIP of $10,000.0[0] and UIM of $25,000.00." (Id. ¶ 6.1.) He also seeks damages, including treble damages of $10,000 per regulatory violation of the CPA, as well as attorneys' fees and costs. (Id. ¶¶ 6.2-6.4.)

Although Nelms filed suit in King County Superior Court, USAA removed the matter on the theory that the Court has diversity jurisdiction. USAA claims that although the amount in controversy was unclear on the face of Nelms' complaint, his answer to an interrogatory confirmed the amount in controversy exceeds the jurisdictional minimum of $75,000. The interrogatory and response are as follows:

> **INTERROGATORY NO. 5**: Please ITEMIZE in full and complete detail, each and every award of damages YOU believe YOU are entitled to under YOUR UIM coverage, as alleged in paragraph 4.1 of YOUR COMPLAINT.
>
> RESPONSE: See attached document referred to in response to Interrogatory 1 for medical specials, both past and future. Future wage / PTO loss is estimated at $10,000-$15,000 at this point. General damages are estimated at $250,000.00 - $300,000.00 at this point. This response will be supplemented as needed, as discovery is ongoing.

(Exhibit 2 to the Declaration of R. Jasper Marrow at 5.) But Nelms also answered an additional interrogatory about the amount in controversy. Specifically,

> **INTERROGATORY NO. 4**: Please ITEMIZE in full and complete detail, any and all damages YOU are seeking to recover by way of YOUR COMPLAINT, including but not limited to doctor, nurse, therapist, psychologist, psychiatrist, mental health provider, or other medical practitioner expenses and bills; real property damages; personal property damage; any and all contract benefits to which YOU contend YOU are entitled; special damages; general damages; incidental damages; consequential damages; treble damages; attorneys' fees incurred in bringing this COMPLAINT; litigations expenses, personal loss of interests; and other financial losses, if any.
>
> **RESPONSE**: See attached document referred to in response to Interrogatory 1: that document lists the medical special damages (past and future). Additionally, there is a claim for general damages (inc pain and limitation), and future wage loss / reimbursement of PTO benefits post-surgery. WA UIMBI minimal limits are $25,000.00

ORDER GRANTING MOTION TO REMAND - 2

and though the special damages and general damages would be valued higher the claim is for the $25,000.00 UIMBI limit.

(Id.) These responses were preceded by the following interrogatories and responses:

>  **REQUEST FOR ADMISSION NO. 1**: Please admit that YOU are seeking greater than $75,000.00 in damages against USAA GIC.
>
>  **RESPONSE**:
>  DENY.
>
>  **REQUEST FOR ADMISSION NO. 2**: Please admit that YOUR damages do NOT exceed $75,000.00
>
>  **RESPONSE**:
>  ADMIT.

(Id. Ex. 1 at 4.)

Nelms asks the Court to remand this matter, asserting that he has consistently made clear that he only seeks $25,000 through this litigation.

## ANALYSIS

**A.    Legal Standard**

A defendant may remove an action filed in state court if the federal district court would have had original jurisdiction over the action. 28 U.S.C. § 1441(a). As is relevant here, the Court has diversity jurisdiction over matters involving completely diverse parties where the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332(a). The party seeking removal bears the burden of establishing federal jurisdiction by a preponderance of the evidence. Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1252 (9th Cir. 2006); Guglielmino v. McKee Foods Corp., 506 F.3d 696, 699 (9th Cir. 2007). Federal courts strictly construe the removal statute and must reject jurisdiction if there is any doubt as to the right of removal in the first instance. See Hawaii ex rel. Louie v. HSBC Bank Nev., N.A., 761 F.3d 1027, 1034 (9th Cir. 2014); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). When "it is unclear from the face of the complaint

whether the amount in controversy exceeds $75,000, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold." Chavez v. JPMorgan Chase & Co., 888 F.3d 413, 416 (9th Cir. 2018) (quotation omitted). "In assessing the amount in controversy, we may consider allegations in the complaint and in the notice of removal, as well as summary-judgment-type evidence relevant to the amount in controversy." Id. And any doubts as to the right of removal must be resolved in favor of remanding to state court. See Durham, 445 F.3d at 1252.

**B.    The Amount in Controversy Does Not Exceed $75,000**

The record before the Court here confirms that the amount in controversy does not exceed $75,000. Although the complaint does not specify the amount in controversy, Nelms has answered several interrogatories confirming that he is seeking far less than $75,000. Specifically, his answers to Interrogatories Nos. 1 and 2 confirm that he is not seeking more than $75,000 as damages. And in response to Interrogatory No. 4, Nelms specified that "though the special damages and general damages would be valued higher the claim is for the $25,000.00 UIMBI limit." (Marrow Decl. Ex. 2 at 5.) This $25,000 includes any treble damages, too. (Id.) Even if the Court considers potential recovery of attorneys' fees, it does not find that the amount here exceeds $75,000, particularly given that this appears a straight-forward dispute.

USAA has failed to provide sufficient evidence that the amount in controversy here exceeds $75,000. USAA believes that the amount in controversy is a least $250,000 because of Nelms' response to Interrogatory No. 5. But this argument misreads the interrogatory, which asks Nelms to "ITEMIZE in full and complete detail, each and every award of damages YOU believe YOU are entitled to under YOUR UIM coverage, as alleged in paragraph 4.1 of YOUR COMPLAINT." (Marrow Decl. Ex. 2 at 5.) This interrogatory does not ask Nelms to identify the

amount in controversy—the amount he seeks as damages—just a list of potential damages to which he may be entitled. And one cannot read this response in isolation because Nelms has clearly conceded that all of the damages he seeks are capped at $25,000, including any treble damages. (See Interrogatories Nos. 1, 2, and 4.) The response to Interrogatory No. 5 does not show the amount in controversy exceeds $75,000. And USAA has done nothing to show that the attorneys' fees might reasonably exceed $50,000 to push the amount over the jurisdictional threshold.

The Court finds that it lacks subject matter jurisdiction over this matter and it GRANTS the Motion to Remand.

## CONCLUSION

The Court finds that USAA has not established that the Court has subject matter jurisdiction over this action. The amount in controversy does not meet the monetary threshold. The Court therefore finds that removal was improper and that this matter must be remanded. The Court GRANTS the Motion and REMANDS this action to King County Superior Court.

The clerk is ordered to provide copies of this order to all counsel.

Dated June 4, 2025.

Marsha J. Pechman
United States Senior District Judge